IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| RYAN PATRICK SULLIVAN, | Cause No. CV 21-69-BLG-SPW-TJC |
| Petitioner, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

State pro se petitioner Ryan Patrick Sullivan filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondents to file an answer or any other pleading. The petition must be summarily dismissed, "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.* For the reasons discussed below, Mr. Sullivan's petition should be dismissed as unexhausted.

1

I.    **Analysis**

Upon initial review of Mr. Sullivan's petition, it appeared his claims were unexhausted and the matter was recommended for dismissal.  See generally, (Doc. 5.)  Mr. Sullivan filed an objection in which he acknowledged his claims were unexhausted, but argued extraordinary circumstances, including bad faith and harassment in the state court system, warranted this Court's intervention.  (Doc. 7 at 1-2); see also, (Doc. 8.)  In the interim, the Montana Supreme Court ruled on one of Mr. Sullivan's pending appeals, the denial of his petition for postconviction relief.  See, *Sullivan v. State*, 2021 MT 220N, Or. (Mont. Aug. 31, 2021)(affirming Yellowstone County District Court's denial of Sullivan's postconviction petition).  Based upon this ruling, it appeared that Mr. Sullivan's pending petition may be time-barred and/or procedurally defaulted.  Mr. Sullivan was provided an opportunity to show cause as to why this matter should not be dismissed.  See generally, (Doc. 10.)

In his response, Mr. Sullivan explained that the Court's understanding of his state court proceedings was inaccurate, because he still has three active appeals pending with the Montana Supreme Court.  (Doc. 12 at 1-2.)  And although this Court took the procedural background outlined in its order to show cause from the Montana Supreme Court's order in *Sullivan v. State*, 2021 MT 220N, see (Doc. 10 at 2-4), Mr. Sullivan disputes the accuracy of these findings.  It appears that some

2

of the facts with which he takes issue are the subject of his current state court appeals. See, (Doc. 12 at 2-5.) Mr. Sullivan again acknowledges that he has not exhausted his state remedies and that resolution of his direct appeals will provide additional information that this Court needs to make an informed decision relative to his § 2254 petition. *Id*. at 3, 5.

Upon further review of the state court record, it appears that the document which initiated Mr. Sullivan's recent appeal and decision by the Montana Supreme Court in *Sullivan*, 2021 MT 220N, was a pro se document Mr. Sullivan filed in the district court entitled "Motion to Challenge the Validity of Sentence" in which he sought to challenge the judgment of conviction handed down in Cause No. DC 18-0321, his Aggravated Assault conviction.[1] This motion was apparently construed as a postconviction petition and denied by the district court.[2] Mr. Sullivan also represented himself on appeal.[3] Thus, it appears Mr. Sullivan filed this pro se petition and appeal despite having a direct appeal challenging the underlying

---

[1] This Court may take judicial notice of proceedings, including orders and filing, in other courts, including state courts, when directly related to the case. *Tigueros v. Adams*, 658 F. 3d 983, 987 (9th Cir. 2011). Accordingly, this Court takes notice of Sullivan's state court filing; a copy of the document will be attached to this Order for purposes of clarity.

[2] The Clerk of Court will also be directed to file a copy of the Yellowstone County District Court's docket report in *Sullivan v. State*, Cause No. DV 20-1132, to this Order.

[3] See, *Sullivan v. Salmonsen*, OP 21-0415, 2021 WL 3879335 at *1, Or. (Mont. Aug. 31, 2021)(Court denied Mr. Sullivan's state habeas petition and in so doing noted that he was representing himself in the appeal of his denial of his postconviction petition).

3

judgment pending before the Montana Supreme Court.

Mr. Sullivan is represented by counsel in the three appeals currently pending before the Montana Supreme Court.  His underlying Aggravated Assault conviction in Yellowstone County Cause No. DC-0321, is the basis for two appeals: *State v. Sullivan*, No. DA 20-0588, for the original conviction and sentence, and *State v. Sullivan*, No. DA 21-0282, for the sentence handed down upon revocation.[4]  Yellowstone County Cause No. DC 19-0829, Mr. Sullivan's Tampering/Privacy in Communications revocation sentence, is the subject of his third appeal in, *State v. Sullivan*, No. DA 20-0589.  These three matters were recently consolidated on appeal.  See, *State v. Sullivan*, DA 20-0588, Or. (filed Feb. 8, 2022).  Sullivan's counsel has been granted multiple extensions of time within which to file the opening briefs in each matter; the filing deadline was March 16, 2022. See, *State v. Sullivan*, DA 20-0588, Or. (filed Feb. 7, 2022).  The briefing schedule was recently stayed, however, pending the filing of supplemental transcripts.  *State v. Sullivan*, DA 20-0588, Or. (filed March 17, 2022).

As Mr. Sullivan has previously been advised,[5] a state prisoner is required to exhaust all state court remedies, by fairly presenting claims of violations of federal

---

[4] See also, *Sullivan*, OP 21-0415, 2021 WL 3879335 at *1.

[5] See, (Doc. 10); see also, *Sullivan v. State*, Cause No. 20-cv-118-BLG-SWP, Or. (D. Mont. Aug. 5, 2020)(dismissing petition without prejudice as unexhausted).

rights to the state courts, before seeking a writ of habeas corpus.  28 U.S.C. §

2254(b)(1).  The exhaustion requirement is a matter of comity, intended to afford

the state courts the "initial opportunity to pass upon and correct alleged violations

of its prisoners' federal rights."  *Picard v. Connor*, 404 U.S. 270, 275 (1971).  To

properly exhaust federal claims, a habeas petitioner must finish "one complete

round of the State's established appellate review process."  *O'Sullivan v. Boerckel*,

526 U.S. 838, 845 (1999).

       This Court must dismiss a federal habeas corpus petition if its claims are

unexhausted.  *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).  Further, this

Court has the *sua sponte* authority to examine the question of exhaustion.  See e.g.,

*Campbell v. Crist*, 647 F. 2d 956, 957 (9th Cir. 1981).  An exception to the

exhaustion requirement is made only if there is no opportunity to obtain redress in

state court or if the corrective process is so clearly deficient as to render futile any

effort to obtain relief.  *Duckworth v. Serrano*, 454 U.S. 1, 3-4 (1981); 28 U.S.C. §

2254(b)(1)(B).

       By virtue of his three pending direct appeals, and as acknowledged by Mr.

Sullivan, his claims are presently unexhausted.  To the extent that Mr. Sullivan

believes the state court system to be unfair or that his claims may be unsuccessful,

he provides no showing to support such a belief, aside from his own speculation.

Moreover, Mr. Sullivan's contention that federal constitutional violations have

occurred in his state proceedings does not excuse him from the exhaustion requirement.  See, *Duckworth*, 454 U.S. at 4.  Accordingly, at this juncture, Mr. Sullivan's petition is not eligible for federal habeas review.  *King v. Ryan*, 564 F. 3d 1133, 1142 (9th Cir. 2009)("To be properly filed, a claim must have been exhausted at the time of filing.") Dismissal should be without prejudice, *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000), allowing Mr. Sullivan may return to this Court if and when he fully exhausts the claims relative to his current custody.

Mr. Sullivan is further cautioned that he has only one opportunity to file a federal habeas petition challenging each state judgment of conviction.  Mr. Sullivan's continued pro se filings relative to unexhausted claims may have a preclusive effect on his ability to seek and obtain future federal habeas relief.

## II.   **Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules Governing § 2254 Proceedings.  A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).  Where a claim

is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 656 U.S. 134, 140-41 (2012) (quoting *Slack*, 529 U.S. at 484).

Mr. Sullivan has not yet made a substantial showing that he was deprived of a constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings at this time. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## ORDER

The Clerk of Court is directed to attach a copy of Mr. Sullivan's "Motion to Challenge the Validity of Sentence," filed in *Sullivan v. State*, Cause No. DV-20-1132, as well as a copy of the Yellowstone County District Court's docket report to this Order.

## RECOMMENDATION

1. The Petition (Doc. 1) should be DISMISSED without prejudice as unexhausted.

2. The Clerk of Court should be directed to enter a judgment of dismissal by separate document.

3.  A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT TO OBJECT**
**TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES**
**OF FAILURE TO OBJECT**

Mr. Sullivan may file objections to these Findings and Recommendations within fourteen (14) days after service.  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

DATED this 11th day of April, 2022.


*/s/ Timothy J. Cavan*
Timothy J. Cavan
United States Magistrate Judge