IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| RYAN PATRICK SULLIVAN,<br><br>     Petitioner,<br><br>vs.<br><br>ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>     Respondent. | CV 21-69-BLG-SPW<br><br>ORDER |

  Before the Court are U.S. Magistrate Judge Cavan's Findings and Recommendations (Doc. 13) regarding *pro se* Plaintiff Ryan Sullivan's application for writ of habeas corpus under 28 U.S.C. § 2254. Judge Cavan recommended that the petition be dismissed because Sullivan's claims were not yet exhausted. Sullivan timely objected. (Doc. 14).

## I. Standard of Review

  Litigants are entitled to *de novo* review of those findings or recommendations to which they object. 28 U.S.C. § 636(b)(1). When neither party objects, this Court reviews a magistrate's Findings and Recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). A party makes a proper objection "by identifying the

1

parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority such that the district court is able to identify the issues and the reasons supporting a contrary result. *Lance v. Salmonson*, 2018 WL 4335526 at *1 (D. Mont. Sept. 11, 2018). A district court, when conducting review of a magistrate's recommendations, may consider evidence presented for the first time in a party's objections, but it is not required to. *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002).

## II. Discussion

Judge Cavan determined that the petition must be dismissed because Sullivan has not yet exhausted his claims in state court. (Doc. 13 at 5). A federal court must dismiss a federal habeas corpus petition if its claims are unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). The only exception to the exhaustion requirement is if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief. *Duckworth v. Serrano*, 454 U.S. 1, 3-4 (1981); 28 U.S.C. § 2254(b)(1)(B).

In his objection, Sullivan argues that the state corrective process is ineffective and therefore he should be excused from the exhaustion requirement. (Doc. 14 at 2). Sullivan asserts that he has suffered prejudicial delay because it has been over 30 months since his case began and because his appellate defender has

not sought bail pending appeal, expedited the appeal, and has not advanced claims that Sullivan believes are meritorious. However, each of these issues are arguments regarding the facts underlying his state court appeal, not issues with the appellate process itself.

The exhaustion requirement is grounded in the principle of comity: unless state processes are demonstrably ineffective to protect the rights of a federal habeas petitioner, a federal court must allow the state process to proceed. *See U.S. ex rel. Wilson v. Rowe*, 454 F.2d 585 (7th Cir. 1971). To intervene prior would be to interfere with the state's self-governance, and so the circumstances supporting early intervention must be both exceptional and urgent. *Coggins v. O'Brien*, 188 F.2d 130 (1st Cir. 1951). Sullivan has met neither requirement here. Sullivan states that the Court "can intervene and rectify the injustices Sullivan has suffered." (Doc. 14 at 6). But this argument does not go to the appropriate standard. Sullivan's objection, just like his underlying briefing, makes clear that his appeals remain pending. None of the arguments he advances in his objections convinces the Court that there are exceptional and urgent circumstances here. Sullivan may be unhappy with how his appeals are progressing, and that is his prerogative, but that unhappiness does not provide an excuse from the exhaustion requirement. The Court adopts Judge Cavan's findings on the matter.

## III. Conclusion

Accordingly, IT IS ORDERED that Judge Cavan's Findings and Recommendations (Doc. 13) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that Sullivan's Petition (Doc. 1) is DISMISSED without prejudice. The Clerk of Court shall enter a judgment of dismissal. A certificate of appeal is DENIED because Wilson has no basis to encourage further proceedings at this time.

DATED this 9th day of September, 2022.

                                                    SUSAN P. WATTERS  
                                                    United States District Judge